**Lyn ANDRADE, Plaintiff–Appellant,**

v.

**James G. ROCHE, Secretary Department of the Air Force, Defendant–Appellee.**

No. 03–56961.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 14, 2005.

Decided Oct. 18, 2005.

Bennett Rolfe, Esq., Law Offices of Bennett Rolfe, Los Angeles, CA, for Plaintiff–Appellant.

Jonathan B. Klinck, Office of the U.S. Attorney, Los Angeles, CA, for Defendant–Appellee.

Before GRABER and W. FLETCHER,

Circuit Judges, and FOGEL,* District Judge.

### MEMORANDUM **

Plaintiff Lyn Andrade appeals from a summary judgment in favor of Defendant on her claims of sex discrimination and retaliation under Title VII. We review de novo. *Buono v. Norton,* 371 F.3d 543, 545 (9th Cir.2004). Keeping in mind that on summary judgment the necessary proof "does not even need to rise to the level of a preponderance of the evidence," *Villiarimo v. Aloha Island Air. Inc.,* 281 F.3d 1054, 1062 (9th Cir.2002) (internal quotation marks omitted), we affirm in part and reverse and remand in part.

■ 1. Although Plaintiff scored one point higher, on Defendant's selection matrix, than the male applicant who was hired instead in 1997, that fact alone does not create an issue of fact because some males who scored higher similarly were not selected. There is no other *admissible* evidence that would suggest that Plaintiff's rejection occurred "under circumstances which give rise to an inference of unlawful discrimination" because of sex. *Tex. Dep't of Comty. Affairs v. Burdine,* 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

■ 2. Plaintiff filed an informal EEO complaint in 1995 accusing Patricia Ryun and her superiors of engaging in sex discrimination. Ryun is the one who selected Sweet instead of Plaintiff some 18 months later. There is evidence in the summary judgment record permitting an inference of causation, *Villiarimo,* 281 F.3d at 1064–65. Ryun admitted that she knew of the complaint. Schorey testified that he heard

Ryun and two other supervisors say that Plaintiff "would never get hired back in the organization because she was a troublemaker," even though he thought that she was one of the best people in the organization.

AFFIRMED in part; REVERSED and REMANDED in part. The parties shall bear their own costs on appeal.

---

* The Honorable Jeremy D. Fogel, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

